UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

TERRANCE MACK,

        Petitioner,

v.                                               24-CV-366 (JLS)

JULIE WOLCOTT, Superintendent of
Attica Correctional Facility,

        Respondent.

_____

*Pro se* Petitioner, Terrance Mack, is an inmate at the Attica Correctional Facility. He submitted a Petition for a writ of habeas corpus under 28 U.S.C. section 2254. Dkt. 1. As he alleges in more detail, Mack claims that he was convicted in the county court of Monroe County, New York in violation of his constitutional rights. *Id.* Mack has paid the $5.00 filing fee. Mack also moved to proceed *in forma pauperis* under 28 U.S.C. section 1915(a), Dkt. 4, and for the appointment of counsel under 18 U.S.C. section 3006A, Dkt. 5.

## DISCUSSION

I.    APPOINTMENT OF COUNSEL

Mack moves for the appointment of counsel. Dkt. 5. The Motion is supported by an Affirmation of Petitioner's appellate and post-conviction relief counsel in the underlying criminal proceedings. Dkt. 5, at 2–8. The Affirmation raises several

salient issues supporting the Motion and Petition, which establish that the interests of justice warrant the appointment of counsel.[1] *See* 18 U.S.C. § 3006A(a).

"The [Criminal Justice Act] provides in relevant part that '[w]henever the United States magistrate or the court determines that the interests of justice so require, representation may be provided for any financially eligible person who . . . is seeking relief under section 2241, 2254, or 2255 of title 28.'" *Thomas v. Searls*, No. 20-CV-6362-FPG, 2021 WL 358129, at *3 (W.D.N.Y. Jan. 25, 2021) (quoting 18 U.S.C. § 3006A(a)(2)(B) and alterations in original). Here, Mack is seeking relief under section 2254. Further, he has submitted a financial statement confirming that he is financially eligible for appointment of CJA counsel, inasmuch as he is indigent. Dkt. 5; *see also* 18 U.S.C. § 3006A(a).

Accordingly, the question facing the Court is whether the interests of justice warrant appointment of counsel. In making such an assessment, "courts in this circuit have looked to such factors as the petitioner's likelihood of success on the merits, the complexity of the legal issues raised by the petition, and the petitioner's ability to investigate and present the case." *Gonzalez v. New York*, No. 05-CV-9028, 2006 WL 728482, at *1 (S.D.N.Y. Mar. 21, 2006) (quotation omitted).

The Court finds that the interests of justice warrant the appointment of counsel and the Court hereby appoints Brian Shiffrin, Esq., Eastman, Thompson, Kasperek, Shiffrin, LLP, 16 West Main Street, Suite 243, Rochester, New York

---

[1] Defense counsel is not admitted to practice in this Court and expects to retire soon from the practice of law. He therefore cannot represent Mack in this proceeding. Dkt. 5, ¶ 12.

14614. *See* 18 U.S.C. § 3006A(a). The Clerk of Court shall send a copy of this order to Mr. Shiffrin. The Chief Judge of this Court will also issue an order directing PACER to waive its fees for *pro bono* counsel to access all documents filed in this case. Should *pro bono* counsel be unable to access any document(s) in this matter through PACER, the Clerk of Court shall provide the document(s) to *pro bono* counsel at no cost.[2]

## ORDER

IT IS HEREBY ORDERED that Mack's Motions to proceed *in forma pauperis* and for the appointment of counsel are granted;[3] and it is further

ORDERED that, pursuant to 18 U.S.C. § 3006A(a), the Court appoints Brian Shiffrin, Esq., Eastman, Thompson, Kasperek, Shiffrin, LLP, 16 West Main Street, Suite 243, Rochester, New York 14614, to diligently represent Mack in this proceeding. The Clerk of Court shall send a copy of this order to Mr. Shiffrin. The Chief Judge of this Court will also issue an order directing PACER to waive its fees for *pro bono* counsel to access all documents filed in this case; and it is further

---

[2] Mr. Shiffrin has informed the Court's Pro Bono Administrator that he will not be available to undertake this appointment until June 1, 2024. Accordingly, this appointment does not take effect until that date, which will cause no delay or prejudice inasmuch as Respondent, as set forth below, will be provided 90 days to file and serve her response and memorandum of law in response to the Petition.

[3] "Although [Mack] has paid the filing fee required for this action, in forma pauperis status affords [Mack] other benefits apart from deferring full payment of the filing fee[.]" *Fabrizio v. Annucci*, 20-CV-0011, 2020 WL 13801078, at *1 (N.D.N.Y. Mar. 9, 2020) (citation and internal quotation marks omitted) (considering *in forma pauperis* motion notwithstanding payment of the filing fee); 28 U.S.C. § 1915(c)–(e)(1).

ORDERED, in accordance with Rules 4 and 5 of the Rules Governing § 2254 Cases in the United States District Courts, that Respondent shall file and serve an **answer** responding to the allegations in the Petition within **90 days of the date of this Order**. The answer shall state whether a trial or any pre-trial or post-trial evidentiary proceeding was conducted and include as exhibits thereto, full transcripts of these proceedings with any records and documents relating to them, so that the materials can be filed in the official record of this case; and it is further

ORDERED that, in addition to his answer, Respondent shall file and serve, within **90 days of the date of this Order**, a memorandum of law addressing each of the issues raised in the Petition and including citations to supporting authority; and it is further

ORDERED that within **30 days of the date of this Order**, Respondent may file a motion for a more definite statement or a motion to dismiss the Petition, accompanied by appropriate exhibits demonstrating that an answer to the Petition is unnecessary; and it is further

ORDERED that within **30 days of the date this Order is served** upon the custodian of the records, the Clerk of Court, or any other official having custody of the records of the proceedings in the county court of Monroe County, leading to the conviction shall submit such records to Respondent or his attorney; and it is further

ORDERED that if Mack previously appealed the judgment of conviction or an adverse judgment or order in a post-conviction proceeding, Respondent must provide the Court with a copy of the briefs, the record on appeal, and any opinions

of the appellate courts so that such documents can be filed in the official record of this case; and it is further

ORDERED that Mack shall have **30 days after service of Respondent's answer or other pleading** to file a written reply; and it is further

ORDERED that the Clerk of Court shall electronically serve a copy of the Petition, together with a copy of this Order, via a Notice of Electronic Filing to Arlene Roces, Arlene.Roces@ag.ny.gov, Laura Lampert, Laura.Lampert@ag.ny.gov of the Office of the Attorney General, Federal Habeas Unit; criminalappealshabeas@ag.ny.gov.

SO ORDERED.

Dated:   April 26, 2024
         Buffalo, New York

                                                             _____
                                                             JOHN L. SINATRA, JR.
                                                             UNITED STATES DISTRICT JUDGE